**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominick Cestro,<br><br>    Plaintiff,<br><br>v.<br><br>Snowflake Justice Court, et al.,<br><br>    Defendants. | No. CV-23-08608-PCT-JAT<br><br>**ORDER** |

Pending before the court are (1) Plaintiff's Motion to Stay (Doc. 35); (2) Plaintiff's Motion to File Non-Electronic Exhibits ("Motion to Admit CD") (Doc. 26); (3) Plaintiff's Motion to Add a Defendant (Doc. 42); and (4) Defendants' Motion to Dismiss (Doc. 34).

### I.  BACKGROUND

Plaintiff filed his initial Complaint in November 2023. (Doc. 1). Plaintiff filed his First Amended Complaint ("FAC") in January 2024. (Doc. 12). In the FAC, Plaintiff alleges that Defendants Navajo County, Micheal Brogan ("prosecuting attorney"), and Hunter Lewis ("presiding judge") violated his constitutional rights. (Doc. 12 p. 4). Specifically, Plaintiff says Defendants Brogan and Lewis "refused" to allow him to "present [his] case" in Snowflake Justice Court (Doc. 12 p. 6) which violated his Fourteenth Amendment "due process rights of a fair trial." (Doc. 12 p. 8). The Court understands that the Snowflake Justice Court case referenced is a pending state criminal proceeding regarding a traffic stop.[1] (Doc. 32 p. 2). In his FAC, Plaintiff also cites the

---

[1] The status of Plaintiff's case in Snowflake Justice Court is unclear. Plaintiff references a trial on July 17 (Doc. 32 p. 2) and later says he was "found guilty." (Doc. 42). The Court

Supremacy Clause (U.S. Const. art. VI) and "Constitutional law section 329 page 1135," which the Court cannot identify as legal authority. (Doc. 12 p. 3; *see also* Doc. 32 p. 2). The Court will consider each pending motion in turn.

## II. DISCUSSION

### a. Motion to Stay

Plaintiff previously filed a motion to stay a case against him in Snowflake Justice Court in March 2024. (Doc. 14). The Court denied that motion. (Doc. 15). Pending before the Court is Plaintiff's second motion to stay the same case. (Doc. 35). The second motion appears identical to the first motion filed in March, except for differences in the attached supporting documents. (Doc. 14). As such, the Court will undergo a similar analysis as before.

The *Younger* abstention doctrine provides that federal courts are not to interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). This abstention doctrine applies "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("*Younger v. Harris*[ ], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.").

Here, it is the Court's understanding that there is a pending state criminal proceeding regarding a traffic court case. All claims in this case relate to events in the state court prosecution. The new attached supporting documents do not give this Court any more authority to stay a state criminal proceeding. Because there is a *pending state judicial proceeding*, under the *Younger* abstention doctrine, this Court will not stay Plaintiff's case in Arizona state (Snowflake) justice court.

---

assumes the proceedings are ongoing for purposes of this Order.

Plaintiff cites the *Colorado River* doctrine as support for his motion to stay. (*See* Doc. 35-1 p. 5). That doctrine only applies "[w]hen a state court and federal court are engaged in 'the contemporaneous exercise of concurrent jurisdiction,'" which is not the case here because this Court, a federal court, has not exercised concurrent jurisdiction over any of Plaintiff's claims. *McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 919 (D. Ariz. 2013) (quoting *Colorado River Water Conservation District v. United* States, 424 U.S. 800, 817 (1976)). Similarly, Plaintiff cites the *Rooker-Feldman* doctrine as support. (*See* Doc. 35-1 p. 9). This doctrine bars a district court from determining that a state court's final decision was wrong. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007). In other words, it applies to cases where there was a state-court judgment rendered before district court proceedings began. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, as discussed above, there is no state court decision as the case is pending. In conclusion, this Court will not grant Plaintiff's motion to stay.

### b. Motion to File Non-Electronic Exhibits ("Motion to Admit CD")

Pending before the Court is Plaintiff's motion to admit a CD containing "crucial information regarding this case that the Judge needs to know." (Doc. 36). It is the Court's understanding that this CD is of Plaintiff's arraignment in Snowflake Justice Court. (Doc. 32 p. 2). In his motion, Plaintiff did not include any other information and did not explain the context of the information the Court stands to gain from the CD. Accordingly, the motion is denied.

It should be noted that even if the Court admitted the CD, the Court could not consider the CD in ruling on Defendants' pending motion to dismiss. A court cannot consider anything outside the complaint without transforming the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. There are two recognized exceptions in which a court may consider evidence otherwise outside of the complaint without converting the motion: (1) evidence that the court has judicially noticed, and (2) evidence incorporated, either literally or by reference, into the plaintiff's complaint. *Lee v. City of L.A.*, 250 F. 3d 668, 688-89 (9th Cir. 2001). Here, the Court will not take

judicial notice of the CD and the CD was not incorporated, either literally or by reference, into the Plaintiff's FAC.

### c. Motion to Amend (Add Defendant)

Plaintiff seeks to amend his complaint to include Officer Frost[2] as a party defendant. (Doc. 42). Plaintiff alleges Officer Frost committed constitutional and state law violations. Plaintiff does not cite legal authority for the basis of his motion to add Officer Frost as a party defendant. Nonetheless, to the extent possible, the Court construes Plaintiff's motion as moving to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure.

### i. Rule 15 Motion to Amend Complaint to Add Defendant

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend pleadings to add parties. Rule 15(a) provides in pertinent part:

> (1) . . . A party may amend the party's pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, Plaintiff already amended his complaint once as a matter of course: in construing *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court permitted its Order, which extended the deadline for Plaintiff to respond to the motion to dismiss, to also extend the Rule 15 deadline of "21 days after service of a motion under 12(b)." Thus, because Plaintiff already amended "once as a matter of course," this amendment requires the opposing party's written consent or the court's leave. The opposing party has not given written consent, so the only avenue for Plaintiff to amend his complaint is with the Court's leave.

Although the decision whether to grant or deny leave to amend is within the trial

---

[2] Plaintiff did not include a first name for Officer Frost.

- 4 -

court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs v. Leighton*, 833 F .2d 183, 186 (9th Cir.1987)).

However, the policy in favor of amendments is subject to limitations. Whether to grant leave to amend depends on five factors: (1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir.1991). Futility alone justifies denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Generally, to determine whether a proposed amendment is futile, courts use the same standard used to analyze a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (*overruled by implication on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2008)). Therefore, in analyzing whether Plaintiff's proposed amended complaint is "futile," the Court considers whether the proposed amended complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (discussing the standard under Rule 12(b)(6)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* However, when the "facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown . . . that the pleader is entitled to relief" and, as a result, the proposed amendment is considered futile. *Id.* at 679. The party opposing amendment bears the burden of proving futility. *Rodriguez v. City of Phx.*, N. CV 11-01992-PHX-JAT, 2014 WL 1053602, at *3 (D. Ariz. Mar. 19, 2014).

To sustain their burden, Defendants filed a response in opposition to the motion to amend and argued that Plaintiff's motion to amend should be denied "because it is futile in that it does not state a plausible claim for relief." (Doc. 43 p. 2). Defendants say that

Plaintiff's claim against Officer Frost "rests only on the conclusory allegations contained in the Motion" which are "insufficient to show a plausible claim can actually be pled." (Doc. 43 p. 2). The Court agrees. Plaintiff alleges Officer Frost "unlawfully and maliciously" pulled him over which violated his Fourth Amendment right to travel and violated an Arizona state statute. (Doc. 42). Plaintiff does not provide *any* additional facts. Additionally, Plaintiff has already amended his complaint once and, in doing so, added three defendants. (Doc 12.). Plaintiff does not provide an explanation for his delay in naming Officer Frost as a defendant. As such, the Court cannot infer more than the mere possibility of misconduct and the proposed amendment is futile. Alternatively, leave to amend is futile because Officer Frost is similarly situated to the Defendants and the Court will dismiss the claim against those Defendants, as discussed below. *See infra* Section II(d); *see also Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). In conclusion, the Court finds that further leave to amend should not be granted.

### ii. Compliance With Local Rule 15

In their Response, Defendants also assert that Plaintiff failed to comply with Local Rule 15 in his Motion. Under the District of Arizona's Local Rules of Civil Procedure ("Local Rules"), a motion for leave to amend must include an attached "copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1. The Local Rules operate with the "force of law" and bind the Court and the parties. *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quoting *Martel v. Cty. of L.A.*, 21 F.3d 940, 946-47 (9th Cir. 1994)). Although courts must construe *pro se* filings liberally, *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008), *pro se* litigants are still bound by the Local Rules. LRCiv 83.3(c)(1); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per

curiam). Courts in the District of Arizona routinely deny "motions for leave to amend for failure to comply with" Local Rule 15.1(a). *Eldridge v. Schroeder*, No. CV-14-01325-PHX-DGC (ESW), 2016 WL 354868, at *2 (D. Ariz. Jan. 28, 2016) (compiling cases), adopted by 2016 WL 1408128 (D. Ariz. Apr. 11, 2016); *see also Huminski v. Heretia*, No. CV 11-0896-PHX-DGC, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011) (denying *pro se* plaintiff's leave to amend for failure to comply with Local Rule 15.1).

After reviewing Plaintiff's Motion, the Court agrees that Plaintiff did not comply with the Local Rules. Despite being a *pro se* litigant, Plaintiff still must comply with the Local Rules. Thus, leave to amend is also denied on the ground that Plaintiff failed to follow the Local Rules.

### d. Motion to Dismiss

#### i. Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002*); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

### ii. Analysis

Plaintiff's claims generally allege that Defendants (a county, a prosecutor, and a judge) violated his constitutional rights. (Doc. 12 p. 4). To state a claim alleging that a person acting under the color of state law deprived him of a federal constitutional right, the Plaintiff should have brought a § 1983 claim. Although Plaintiff does not reference § 1983 in his FAC, in reviewing the FAC liberally, the Court interprets Plaintiff as alleging the Defendants violated § 1983.[3] As discussed below, Plaintiff has only sued entities or persons that cannot be sued under § 1983 or that are entitled to immunity. For that reason, Plaintiff fails to state a viable claim under § 1983 against any of the named Defendants.

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

To state a claim against a particular individual defendant, a "plaintiff must allege

---
[3] In a Notice dated July 19, 2024, Plaintiff stated he was going to file a § 1983 claim. However, the Court has not received anything further. (Doc. 41 p. 3).

- 8 -

facts, not simply conclusions, that show that [the] individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).

### 1.  Defendant Navajo County

Defendants argue that to the extent Plaintiff alleges a *Monell* claim against Defendant Navajo County, that claim should be dismissed as there are no factual or non-conclusory allegations that Defendant Navajo County has a policy or custom that produced Plaintiff's alleged injuries. In his Response, Plaintiff fails to address Defendant's arguments and provides no further support for a *Monell* claim against Navajo County.

### A.  Legal Standard

"[A] municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Municipalities include local government units, such as counties. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 689-90 (1978). The actions of individuals may support municipal liability *only if* the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).

To prove a claim based on an official policy or custom of Navajo County, Plaintiff must allege that (1) his constitutional rights were violated by an employee or employees of Navajo County; (2) that Navajo County has policies or customs that amount to deliberate indifference; and (3) that the policies or customs were the moving force behind the violation of Plaintiffs' constitutional rights in the sense that Navajo County could have prevented the violation with an appropriate policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-94 (1978); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1194 (9th Cir. 2002).

### B.  Analysis

Here, Navajo County is only generally mentioned; there is no *Monell* claim

1 explicitly asserted against Navajo County. To the extent Plaintiff intended to state such a claim by naming Navajo County as a Defendant, the factual basis of a *Monell* claim is unclear from the allegations in the individual counts of the FAC. Plaintiff has not established that any of the Defendants were acting pursuant to a policy, custom, or practice of Navajo County that led to a violation of Plaintiff's constitutional rights. Accordingly, the claim against Navajo County will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Brogan

A prosecutor is absolutely immune from liability under § 1983 for his conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons,* 509 U.S. 259, 270 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). Immunity also extends to a prosecutor "eliciting false or defamatory testimony from witnesses" or for making false or defamatory statements during and related to judicial proceedings. *Buckley*, 509 U.S. 259, 270 (1993) (citations omitted). Because Plaintiff only seeks relief against Defendant Brogan, the "prosecuting attorney," for actions in prosecuting the criminal case against him, Defendant Brogan is entitled prosecutorial immunity and will be dismissed.

### 3. Defendant Lewis

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman*, 793 F.2d at 1075. An act by a judge is a "judicial" act when "it is a function normally performed by a judge," and when the parties at issue have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Such immunity attaches even if the judge is accused of conspiring with a prosecutor to deprive someone of constitutional rights, *Ashelman*, 793 F.2d at 1078, or of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *Schucker v.*

*Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Judicial immunity may only be overcome where (1) a judge carries out a "non-judicial action," and (2) where a judge undertakes an act that is judicial in nature but in the "clear absence" of all jurisdiction. *Ashelman*, 793 F.2d at 1075.

Having reviewed the FAC liberally, the Court finds that even if Plaintiff pleaded a plausible claim against Defendant Lewis, he is immune from suit. Plaintiff's claims all stem from the judge's decision regarding presentation of a criminal case, an act that is clearly judicial in nature. (Doc. 12 p. 7). Plaintiff offers no other evidence to suggest that Defendant Lewis was acting in "clear absence" of jurisdiction. The Court finds that Defendant Lewis is immune from suit. Because Defendant Lewis is judicially immune for his judicial actions, the Court will dismiss Plaintiff's causes of action against this defendant.

  **e. Leave to Amend**

The Ninth Circuit Court of Appeals has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless [the Court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

First, the Court concludes that Plaintiff's complaint could not possibly be cured by the allegation of other facts against Defendants Brogan and Lewis because these parties have absolute immunity. *See supra* Section II.d.ii. Second, the Court concludes that there are no facts Plaintiff could allege that would suggest Navajo County has a policy or custom that could lead to a violation of Plaintiff's constitutional rights in Snowflake Justice Court, a separate entity. With respect to Officer Frost, as indicated above, the facts Plaintiff has alleged thus far do not justify amendment for the reasons stated above. Regarding whether a claim could be stated against Officer Frost, Plaintiff's claims in his amended complaint focus exclusively on his criminal proceedings. To that end, in his various other filings he essentially alleges that Office Frost illegally stopped him in the first instance. If Plaintiff's

case is ongoing, as the Court stated above, this Court cannot interfere in the state court proceedings to determine the legality of the stop. *See generally Younger*, 401 U.S. 37 (1971). Alternatively, if Plaintiff's criminal proceedings have concluded, (through appeal) *Heck v. Humphrey*, 512 U.S. 477 (1994) would bar damages that are dependent on a finding that Plaintiff's conviction was unlawful.  Plaintiff thus cannot state a claim (and will not be given leave to amend) against Officer Frost because either *Younger* or *Heck* bar relief (accepting Plaintiff's various facts as true that he is either being prosecuted or has been found guilty). Therefore, the Court will not grant Plaintiff leave to amend his claims.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to stay his state court case (Doc. 35) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Non-Electronic Exhibits (Doc. 26) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add a Defendant (Doc. 42) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 34) is granted and the Clerk of the Court shall enter judgment accordingly.

Dated this 16th day of September, 2024.

James A. Teilborg
Senior United States District Judge